UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrian Dominic Riley, also known as amiri-abdul: rasheed el,<br><br>Petitioner,<br><br>v.<br><br>Lisa Stenseth, Warden – Minnesota Correctional Facility – Rush City,<br><br>Respondent. | Case No. 23-CV-2804 (JRT/ECW)<br><br>REPORT AND RECOMMENDATION |

Petitioner Adrian Dominic Riley was convicted in state court nearly three decades ago on three counts of first-degree murder and three counts of second-degree murder. *See State v. Riley*, 568 N.W.2d 518, 520 (Minn. 1997). In this matter, Riley seeks habeas corpus relief from those convictions and his sentence of life imprisonment. Riley's petition for a writ of habeas corpus is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

This is not the first time that Riley has sought habeas corpus relief from his murder convictions. In 2013, Riley filed a habeas petition presenting claims of ineffective assistance of counsel, prosecutorial misconduct, and wrongful admission of evidence. *See Riley v. Smith*, No. 13-CV-0674 (SRN/JJG), 2014 WL 896728, at *1 (D. Minn. Mar. 6, 2014). The petition was denied as untimely. *Id.* at *1-2 (citing 28 U.S.C. § 2244(d) (providing a one-year limitations period for § 2254 habeas corpus petitions)).

Riley's current petition is even less timely, but there is also a more fundamental

problem with the petition: Under 28 U.S.C. § 2244(b)(3), a prisoner cannot file a "second or successive" habeas corpus petition in federal district court without first receiving authorization from the relevant court of appeals. "'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). The current petition, however, is second or successive within the meaning of § 2244(b)(3). The judgment under attack is the same as in Riley's prior habeas corpus proceeding. That proceeding ended with a judgment on the merits of the petition. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" § 2244(b)); *United States v. Munoz*, 198 F. Supp. 3d 1040, 1044-45 (collecting cases for same proposition). And this is not a case where the petitioner's claims have only just arisen. Each of Riley's claims relates to his murder convictions, not ancillary proceedings (such as disciplinary proceedings resulting in loss of good time or a parole revocation) that occurred following the denial of the first habeas petition.

Because Riley's habeas petition is second or successive, the Court is without jurisdiction to consider the merits of the petition unless it has been authorized for review by the United States Court of Appeals for the Eighth Circuit. *See Munoz*, 198 F. Supp. 3d at 1046 (stating that the Court lacked jurisdiction when the Eighth Circuit had not authorized review of the claims). Riley lacks the necessary appellate authorization, and thus the Court lacks jurisdiction in this matter. It is recommended that the petition be dismissed without prejudice on that basis.

Two further matters require brief comment. First, Riley has requested *in forma pauperis* ("IFP") status in this proceeding. (*See* Dkt. 2.) Because Riley's habeas petition is recommended for summary dismissal, it is further recommended that his IFP application be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam) (encouraging magistrate judges to deny IFP applications when habeas petitions are summarily denied). Second, because this Court does not believe the recommended basis for dismissal is one that can reasonably be disputed, Riley should not be issued a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Adrian Dominic Riley (Dkt. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Riley's application to proceed *in forma pauperis* (Dkt. 2) be DENIED.

3. No certificate of appealability be issued.

Dated: September 22, 2023         *s/Elizabeth Cowan Wright*
                                  ELIZABETH COWAN WRIGHT
                                  United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).