UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADRIAN DOMINIC RILEY also known as amiri-abdul: rasheed el,<br><br>Petitioner,<br><br>v.<br><br>LISA STENSETH, *Minnesota Correctional Facility — Rush City Warden*,<br><br>Respondent. | Civil No. 23-2804 (JRT/ECW)<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

---

Adrian Dominic Riley, OID #173945, Minnesota Correctional Facility — Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Erin R. Eldridge, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for Respondent.

Petitioner Adrian Dominic Riley, also known as amiri-abdul: rasheed el, is currently serving three life sentences at Minnesota Correctional Facility — Rush City pursuant to a state conviction on three counts of first-degree murder. Riley seeks relief from his imprisonment by a petition for writ of habeas corpus.[1] Because Riley's petition is "second or successive" and Riley did not receive authorization from the Eighth Circuit to bring this

---

[1] While Riley claims that his motion is brought under 28 U.S.C. § 2241, the only federal habeas relief available for a petitioner held in custody pursuant to a state court judgment is under 28 U.S.C. § 2254. (Obj. to R. & R. at 3, Oct. 2, 2023, Docket No. 5; Pet. for Writ Habeas Corpus ("Pet.") at 4, Sept. 11, 2023, Docket No. 1.); 28 U.S.C. § 2241(c). The Court will accordingly analyze Riley's petition pursuant to the standards set forth in 28 U.S.C. § 2254.

action, his petition must be denied.  Thus, the Court will overrule Riley's Objection to Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation ("R&R"), adopt the Magistrate Judge's R&R, and dismiss Riley's petition without prejudice.

## BACKGROUND

A Minnesota jury convicted Petitioner Adrian Dominic Riley, who goes by amiri-abdul: rasheed el, on three counts of first-degree murder.  *State v. Riley*, 568 N.W.2d. 518, 520 (Minn. 1997).  Riley is serving three consecutive life sentences as a result.  (Pet. for Writ Habeas Corpus ("Pet.") at 4, Sept. 11, 2023, Docket No. 1.)  Riley previously filed three petitions for postconviction relief in Minnesota state court.  *Riley v. State*, 819 N.W.2d 162, 166 (Minn. 2012); *Riley v. Smith*, No. 13-674, 2014 WL 896728, at *1 (D. Minn. Mar. 6, 2014).  He also filed a previous habeas petition under 28 U.S.C. § 2254 in the District of Minnesota, which was denied as untimely.  *Id.* at *2.

Riley now files another petition for a writ of habeas corpus relief challenging the constitutionality of his 1996 conviction.  (*See generally* Pet.); *Riley v. State*, 792 N.W.2d 831, 832 (Minn. 2011).  Riley also applies to proceed in forma pauperis ("IFP") in this habeas proceeding.  (Appl. to Proceed without Prepaying Fees or Costs, Sept. 11, 2023, Docket No. 2.)  The Magistrate Judge recommended the Court dismiss this petition for habeas corpus without prejudice as a "second or successive" petition barred by 28 U.S.C. § 2244(b).  (R. & R. at 2, Sept. 22, 2023, Docket No. 4.)  The Magistrate Judge also recommended the IFP application be denied and that no certificate of appealability be issued.  (*Id.* at 3.)  Riley objects to the R&R seemingly on the basis that many of the

statutes cited are not law[2] and that additional facts previously unavailable to Riley undermine his conviction. (Obj. to R. & R. at 3, Oct. 2, 2023, Docket No. 5.) Riley alleges no specific previously undiscoverable facts regarding his original conviction. (*See id.*)

## DISCUSSION

Within 14 days after a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo[3] "properly objected to" portions of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). The Eighth Circuit has been willing to liberally construe otherwise

---

[2] Riley cites the U.S. Constitution to support this statement; however, all the statutes noted both by the Court and the Magistrate Judge have been properly promulgated per the standards of the U.S. Constitution and are the law the Court follows.

[3] De novo means that this Court will review the evidence and the law independently. In other words, the Magistrate Judge's prior opinion has no influence on how the Court reviews the issues. In essence, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues.

general pro se objections to R&Rs and to require de novo review of all alleged errors.  *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).

Those incarcerated pursuant to a state court judgment may seek a writ of habeas corpus from the federal district court if he or she believes they are in "custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).  The procedure for state prisoners to file habeas petitions is outlined by 28 U.S.C. § 2244. Among other limitations, § 2244 bars "second or successive" petitions unless permission is granted by the appropriate court of appeals.  28 U.S.C. § 2244(b).  "Second or successive" is a term of art and does not encompass all second in time habeas petitions under § 2254.  *Magwood v. Patterson*, 561 U.S. 320, 332–34 (2010).  A first habeas petition dismissed as untimely is considered an adjudication on the merits making additional habeas petitions "second or successive."  *Townsend v. Dingle*, No. 07-4348, 2013 WL 2177937, at *4 (D. Minn. May 20, 2013) (citing *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005)).

Riley filed his first federal habeas petition in 2013.  *Riley v. Smith*, 2014 WL 896728, at *1.  That petition was denied because it was filed beyond the one-year statute of limitations and equitable tolling did not apply.  *Id.* at *2.  Because Riley's first petition was dismissed with prejudice as untimely, it amounts to an adjudication on the merits making the current petition "second or successive."  As Riley did not get authorization from the

Eighth Circuit to file a "second or successive" habeas petition as required by 28 U.S.C. § 2244(b)(3), the Court will deny his current petition.

The Court will also not grant a certificate of appealability. Riley's petition is being denied on a procedural question. To receive a certificate of appealability the petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Proctor v. Payne*, No. 21-2001, 2022 WL 274515, at *2 (8th Cir. Jan. 31, 2022) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because the Court does not find this procedural ruling to be one that can be reasonably disputed, it will not issue a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Petitioner's Objection to the Magistrate Judge's Report and Recommendation [Docket No. 5] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 4] is **ADOPTED**;

3. Petitioner's Application to Procced in District Court without Prepaying Fees or Costs [Docket No. 2] is **DENIED**;

4. The Court does **NOT** grant a Certificate of Appealability;

5. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

6. Petitioner's action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 2, 2024
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM
                                           United States District Judge