UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADRIAN DOMINIC RILEY *also known as* amiri-abdul: rasheed el, <br><br> Petitioner, <br><br> v. <br><br> LISA STENSETH, *Minnesota Correctional Facility — Rush City Warden*, <br><br> Respondent. | Civil No. 23-2804 (JRT/ECW) <br><br><br> **MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

---

Adrian Dominic Riley, OID #173945, Minnesota Correctional Facility — Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767, *pro se* Petitioner.

Erin R. Eldridge, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for Respondent.

Petitioner Adrian Dominic Riley, also known as amiri-abdul: rasheed el, is currently serving three life sentences at Minnesota Correctional Facility — Moose Lake[1] after a Minnesota jury convicted him on three counts of first-degree murder. *State v. Riley*, 568 N.W.2d. 518, 520 (Minn. 1997). Riley filed a previous habeas petition under 28 U.S.C. § 2254 in the District of Minnesota, which was denied as untimely. *Riley v. Smith*, No. 13-674, 2014 WL 896728, at *2 (D. Minn. Mar. 6, 2014). Riley filed another petition for writ

---

[1] Riley previously was incarcerated at Rush City but has since been transferred to Moose Lake.

of habeas corpus and applied to proceed with that petition in forma pauperis ("IFP"). [2] (Pet. for Writ of Habeas Corpus, Sept. 11, 2023, Docket No. 1; Appl. to Proceed without Prepaying Fees or Costs, Sept. 11, 2023, Docket No. 2.)  In an order adopting Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation ("R&R"), the Court dismissed his petition as "second or successive" and barred by 28 U.S.C. § 2244(b) because he failed to seek approval from the Eighth Circuit.  (Order Adopting R. & R. at 4–5, Jan. 2, 2024, Docket No. 7.)  The Court also denied his application to proceed IFP.  (*Id.*)  Riley now seeks to appeal that dismissal and proceed IFP on appeal.  (Notice of Appeal to 8th Cir., Feb. 20, 2024, Docket No. 9; Appl. to Proceed IFP on Appeal, Feb. 20, 2024, Docket No. 10.)  Because the Court finds that Riley's appeal is not taken in good faith, it will deny his application to proceed IFP on appeal.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  *Id*. § 1915(a)(3).  Good

---

[2] Riley filed his second habeas petition against Lisa Stenseth, the Minnesota Correctional Facility Warden at Rush City.  Because Riley has since been transferred from Rush City to Moose Lake, his filings now reference Kris Rish, the Minnesota Correctional Facility Warden at Moose Lake.  The Court will therefore substitute Kris Rish for Lisa Stenseth because the proper respondent is who currently has custody of the petitioner.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Cf. Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legal frivolity includes when "none of the legal points are arguable on their merits." *Id.* (cleaned up).

Habeas petitioners may appeal a final order on their habeas corpus petition only when a circuit or district court judge has issued a certificate of appealability. 28 U.S.C. § 2253(c)(1). Riley's petition was denied and a certificate of appealability was not granted. As such, his appeal is legally frivolous and thus cannot be taken in good faith.

Even if Riley could appeal the dismissal of his petition for habeas relief, his description of the issues he intends to raise on appeal also lead the Court to conclude that his appeal is legally frivolous. His notice of appeal and application to proceed IFP on appeal simply state that his incarceration violates the Federal Bill of Rights and the United States Constitution, and he seemingly challenges the constitutionality of the laws under which he was convicted. But he presents no legal or factual support for these statements. Riley references several statutes and bills in arguing that he is exempt from paying court filing fees, but the statutes and bills he cites do not apply to him. Because none of his

arguments can be argued on their merits, they are legally frivolous. As such, the Court will deny Riley's Application to Proceed IFP on Appeal.[3]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Proceed IFP on Appeal [Docket No. 10] is **DENIED**; and.

2. Kris Rish, Warden of the Minnesota Correction Facility at Moose Lake is substituted for Lisa Stenseth, Warden of the Minnesota Correction Facility at Rush City.

DATED: February 29, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[3] Riley's current petition was dismissed without prejudice. Without prejudice means that he can refile his petition if he first gets approval from the Eighth Circuit as required for a "second or successive" petition. 28 U.S.C. § 2244(b).